STATE OF VERMONT  ORLEANS SUPERIOR COURT
ORLEANS COUNTY  DOCKET NO.

SARAH ROMANOWSKI
*Plaintiff*

VS.

TD BANK N.A
*Defendant*

RECEIVED
BURLINGTON, VT
APR 11 2018
2:18-cv-61
CLERK'S OFFICE
U.S. DISTRICT COURT

FILED
MAR 26 2018
VERMONT SUPERIOR COURT
ORLEANS UNIT

## COMPLAINT

Now comes the Plaintiff, Sarah Romanowski, and makes the following her complaint against the defendant:

1. The Plaintiff is an adult citizen and resident of the City of Newport, County of Orleans, State of Vermont.

2. TD Bank N.A. is a banking/financial institution legally organized and properly constituted to do business within the State of Vermont. The defendant, TD Bank N.A., operates under alternative names of TD Bank and TD Bank Group. TD Bank N.A., TD Bank, and TD Bank Group are one in the same.

3. That all times material hereto, the defendant owned, operated, maintained, and/or controlled a facility at 424 Main Street, Barton VT in the County of Orleans, State of Vermont.

4. The plaintiff was a customer of the bank.

5. The defendant had knowledge, or in the exercise of reasonable diligence, should have had notice or knowledge of accumulated ice and snow on the subject property.

6. The defendant negligently permitted ice to accumulate to such an extent and for such a period of time as to afford difficult, dangerous, unsecure and unsafe footing for those passing through the access doors to the building.

7. In particular, defendant permitted ice to remain on said premises up to and including February 12, 2018.

8. On February 12, 2018, the plaintiff, while walking cautiously and carefully on the subject property, holding the railing, and exercising due care and caution for her own safety, fell on the slippery surface at said property.

9. It was the duty of the defendant to use care and diligence to keep and maintain said premises in a condition reasonably safe for its intended purpose and use and free from conditions that would render it dangerous and unsafe, or present an unreasonable risk of harm, to the plaintiff during her lawful use of said property.

10. It was the duty of the aforesaid defendant to exercise reasonable care and to protect the plaintiff, by inspection and other affirmative acts from the danger of reasonably foreseeable injuries occurring from the reasonable foreseeable use of the premises by the plaintiff.

11. It was the duty of said defendant to exercise reasonable care to protect the plaintiff, by inspection and other affirmative acts, from injuries resulting from said premises becoming slippery as a result of inclement weather and the slippery, dangerous and unsafe conditions thereby resulting.

12. That it was the duly of the aforesaid defendant to warn the plaintiff of the aforesaid slippery, dangerous and unsafe conditions then and there existing.

13. The fall and resultant injuries of the plaintiff were caused by the negligence of the defendants in at least the following regards:

   (a)   Failing to keep and maintain the premises in a reasonably safe condition;
   (b)   Failing to maintain the area which the defendants knew would be used by the plaintiff in a reasonably safe condition;
   (c)   Failing to keep the passageway intended for the plaintiff and others in her situation free and clear from unreasonable defects and hazards;
   (d)   Failing to correct the conditions described herein;
   (e)   Failing to warn the plaintiff of the described conditions;
   (f)   Failing to properly and adequately supervise and oversee the above premises so as to prevent the accumulation of ice and the dangerous and slippery conditions then and there existing.
   (g)   By permitting the plaintiff and other similarly situated to have access to the dangerous and slippery conditions.

14. That as the direct and proximate result of the aforesaid acts and omissions of negligence and carelessness of the defendant, the plaintiff has sustained serious personal injuries, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, has incurred medical and related expenses, loss of earnings, loss of ability earn money, has been and will continue to be hindered from attending to her business and personal affairs. The conditions are either permanent or continuing in nature and the plaintiff will suffer these losses in the future.

15. That at all times material hereto the premises in question were under the sole and exclusive control of this defendant.

16. These defendant is strictly liable to the plaintiff for the injuries sustained herein.

WHEREFORE, plaintiff demands judgment against the defendant in such amounts as is reasonable and just.

Dated at Town of Derby, Vermont this 9th day of March, 2018.

Gregory P. Howe, Esquire
Attorney for the Plaintiff
5346 US Route 5
Newport VT 05855
(802) 334-6718
ghowe@howelawvt.com